

STATE OF NEW YORK
OFFICE OF THE ATTORNEY GENERAL

LETITIA JAMES
ATTORNEY GENERAL

DIVISION OF STATE COUNSEL
LITIGATION BUREAU

December 8, 2020

By ECF
Hon. Kenneth M. Karas
United States District Judge
The Hon. Charles L. Brieant Jr.
Federal Building and United States Courthouse
300 Quarropas St.
White Plains, NY 10601-4150

   RE: Knight, et al. v. DOCCS, et al., - Case No. 18-cv-07172 (S.D.N.Y.)

Dear Judge Karas:

  This office represents Defendants Dr. Lee and Nurse Practitioner Acrish in the above-referenced action. I submit this letter motion to request the Court's approval of proposed orders authorizing the depositions of the Plaintiffs, who are currently in DOCCS's custody, pursuant to Rule 30(a)(2)(B) of the Federal Rules of Civil Procedure. Copies of the proposed orders are attached as Exhibit A. In light of the pandemic, we intend to conduct these depositions remotely by videoconference using a web-based platform. Plaintiffs' counsel opposes this motion because she objects to two provisions in the proposed orders.

  First, Ms. Agnew does not want to defend the depositions remotely but rather wants to be physically present in the room with her clients. We have no issue with having the attorney who will defend each deposition attend in person (provided the facility is not locked down due to the pandemic at the time), and our proposed order permits that to occur. But Ms. Agnew insists that she should be able to have as many attorneys from her office as she wants attend in person, without limitation. We believe this is unreasonable under the current circumstances of the pandemic given that only one attorney is permitted to object on behalf of each Plaintiff on the record in any event. Having multiple attorneys from Ms. Agnew's office in the deposition room with each plaintiff (potentially people who reside or work in red or orange zones) needlessly exposes DOCCS staff, the Plaintiffs, other inmates in the facility, and the attorneys themselves to possible infection. Ms. Agnew maintains that if the facility does not restrict the number of visitors an inmate can have on the day that the deposition is taken, then there should be no restriction on the number of attorneys who can attend the deposition in person. That mixes apples and oranges. Merely because the rules that apply to regular visitation may allow multiple visitors at once at a facility's visitation center does not mean it is safe or reasonable to allow multiple lawyers to attend what could be a seven-hour deposition in a much smaller room when only one attorney will be actively defending the

Letter to Hon. Kenneth M. Karas
December 8, 2020
Page 2

witness and the rest of the attorneys can effectively participate remotely, just as the Defendants' attorney conducting the deposition will do.

      Second, Ms. Agnew objects to including a provision in the order stating that any attorney who attends the deposition in person shall abide by "all security rules and protocols of the Correctional Facility." We do not understand the basis for this objection since it appears Ms. Agnew agrees that any attorney from her office attending the deposition in person would, in fact, be bound by such rules and protocols. Her stated reason is that she just does not think it belongs in a court order. To the contrary, if the Order is to state that Plaintiffs' counsel can enter the correctional facility on the date of the deposition, and we are willing to agree to such a clause even though we have never seen it included in such an Order, it should then also state that this entry is contingent upon her agreement to be bound by the facilities' security restrictions. Absent this clause, DOCCS could easily be faced with the Hobson's choice of compromising facility security or risking contempt if, for example, counsel insists upon bringing a cell phone to the deposition. We particularly think including this security-related provision is required given that the proposed order also contains a requirement that the attending attorney abide by all COVID-related restrictions in force at the time of the deposition, to which Ms. Agnew does not object. We would not want the order to be construed as requiring compliance *only* with COVID-related restrictions and not any other rules or protocols under the rule "expressio unius est exclusio alterius." It is important to avoid such ambiguities in an Order that may be enforceable through contempt.

      Accordingly, we respectfully request that the Court approve the proposed orders in the form submitted, limiting the number of attorneys from Ms. Agnew's firm who may attend in person to one and requiring that person to abide by all security rules and protocols.

Respectfully,

Ms. Agnew is to respond to this letter by 12/10/20.

So Ordered.

  /s/ Andrew S. Amer
Andrew S. Amer
Special Litigation Counsel
Jessica Acosta-Pettyjohn
Assistant Attorney General
(212) 416-6127; -6551

12/8/20

cc:    Plaintiffs' Counsel (via ECF)