

**MEMO ENDORSED**

STATE OF NEW YORK
OFFICE OF THE ATTORNEY GENERAL

LETITIA JAMES
ATTORNEY GENERAL

DIVISION OF STATE COUNSEL
LITIGATION BUREAU

December 14, 2020

<u>By ECF</u>
Hon. Kenneth M. Karas
United States District Judge
The Hon. Charles L. Brieant Jr.
Federal Building and United States Courthouse
300 Quarropas St.
White Plains, NY 10601-4150

      RE:    <u>Knight, et al. v. DOCCS, et al.</u>, - Case No. 18-cv-07172 (S.D.N.Y.)

Dear Judge Karas:

      This will reply on behalf of Defendants to Ms. Agnew's letter of December 9, 2020 (Dkt. No. 184) ("Agnew Letter") in order to clarify the position of the New York State Department of Corrections and Community Supervision ("DOCCS"). The issue before the Court is a narrow one: whether Ms. Agnew's firm should be allowed to send to a DOCCS correctional facility more than one attorney to attend in-person each Plaintiff's deposition. Contrary to Ms. Agnew's contention, this is not about my trying "to control the relationship [her] office has with its clients" or her "right to choose how [she] represent[s] [her] clients." Agnew Letter at 2-3. It is about DOCCS making a reasonable request for the Court to take appropriate measures in a required court order to protect the health and safety of inmates, including Plaintiffs, and staff at a DOCCS facility.

      Ms. Agnew protests that it is her decision, and hers alone, to decide the number of in-person attendees at her client's depositions, and it is no business of the Court to intrude on her "staffing decisions." <u>Id.</u> at 3. To be clear, Ms. Agnew can have as many lawyers from her office "attend" the depositions as she would like *remotely* (including all of her law students), as the depositions will be conducted by my office through a remote web-based platform. This is only about how many lawyers can be physically present in the deposition conference room with the Plaintiff at the DOCCS facility.

      Ms. Agnew's position ignores our current circumstances. These are unprecedented times during a global pandemic. We have all had to adjust how we practice law. Judges and lawyers want to conduct trials, but cannot. Lawyers want to appear in court to argue motions and conduct depositions in person, but cannot. While in normal times lawyers get to "choos[e] how we represent our clients" and control "staffing decisions" (Agnew Letter at 3), during the pandemic we must adapt to extremely difficult circumstances to protect each other from a dangerous virus

28 LIBERTY STREET, NEW YORK, NY 10005 • PHONE (212) 416-6127 • FAX (212) 416-6075 * NOT FOR SERVICE OF PAPERS
WWW.AG.NY.GOV

Case 7:18-cv-07172-KMK   Document 188   Filed 12/14/20   Page 2 of 3
Case 7:18-cv-07172-KMK   Document 189   Filed 12/15/20   Page 2 of 3

Letter to Hon. Kenneth M. Karas
December 14, 2020
Page 2

that is surging through the State and country at this very moment. And few physical locations are as vulnerable to COVID outbreaks as a correctional facility, as Ms. Agnew acknowledges. *See* Rabin, *Prisons Are Covid-19 Hotbeds. When Should Inmates Get the Vaccine*, New York Times, Nov. 30, 2020 (available at https://www.nytimes.com/2020/11/30/health/coronavirus-vaccine-prisons.html?searchResultPosition=3). This Court is well aware of the need to take special precautions when it comes to correctional facilities. Among the many restrictions put in place to combat the spread of COVID, in late October the Court barred entry to all Southern District courthouses of any persons "who have been released from a federal, state or local jail, prison or other correctional institution within the last 14 days, except for those who are reporting to be fit with a location monitoring device." *See* S.D.N.Y. October 26, 2020 Standing Order (available at https://www.nysd.uscourts.gov/sites/default/files/2020-10/Standing%20Order%2020%20MC%20138_Supersedes%20and%20Replaces%20the%20Fourth%20Amended%20Standing%20Order%20Issued%20on%20June%2012%202020.pdf).

Our proposed order includes a very reasonable provision limiting to one the number of attorneys who can physically be present in the deposition room at the DOCCS facility where each Plaintiff is housed. Like so many restrictions in place all over the country, this limitation strikes an appropriate balance, which here is between Ms. Agnew's desire to have lawyers from her firm attend depositions in person and the health risks that such attendance poses to all inmates and facility staff, not to mention the lawyers themselves. And the risks are not insignificant. The lawyers who attend the deposition in person (an unlimited number under Ms. Agnew's proposal) will come in contact with facility security staff upon entry,[1] may pass by inmates on their way to and from the deposition room, and will be sitting in that room with their client for up to 7 hours. All it takes is one lawyer who is infected but asymptomatic attending a deposition to infect her client and begin the spread of infection that could escalate into a health crisis within the facility. Why not take reasonable precautions to limit the possibility of that scenario by allowing only one lawyer to attend each deposition in person, especially considering that only one lawyer is permitted to take an active role in objecting to questions during the deposition and there is no limit to the number of attorneys who can fully participate remotely?

It is no response for Ms. Agnew to say that Shawangunk Correctional Facility currently has no restrictions. Prison officials are not designing their restrictions based on balancing health risks associated with a deposition that will be conducted on a web-based platform that allows any attorney to participate remotely. That matters, and tips the balance decidedly in favor of limiting attendance in person to one attorney.

It is similarly irrelevant that Ms. Agnew has never seen a Rule 30(a)(2)(b) order limiting the number of attorneys who can attend a deposition in person. There are many "firsts" with this pandemic. In over 30 years of practice, until the pandemic, I had never participated in a fully remote deposition, where no two people (including the court reporter and videographer) are in the same room. I have now. Nor had I ever seen before the pandemic a remote deposition protocol

---

[1] According to DOCCS' website, as of December 12, 2020, DOCCS staff had 2169 confirmed COVID-19 cases, which is more than the number of confirmed cases among the incarcerated population. *See* https://doccs.ny.gov/doccs-covid-19-report.

Letter to Hon. Kenneth M. Karas
December 14, 2020
Page 3

stipulation and order, much less entered into one. I have now. (In fact, Magistrate Judge Lehrburger of this Court has posted a sample stipulation and proposed order concerning remote deposition protocols on the Court's website. See https://www.nysd.uscourts.gov/sites/default/files/practice_documents/RWL%20Lehrburger%20Sample%20Remote%20Deposition%20Protocol.pdf.)

Nor is it persuasive for Ms. Agnew to point out that lawyers from her firm will be visiting the facilities in person anyway to prepare Plaintiffs for their depositions. Agnew letter, n.1. Those visits do not justify taking on even more risk by increasing the exposure to staff and inmates through an unlimited number of lawyers attending the depositions in person. The opposite is true. No immunity develops for the deposition based on exposure during the prep session.

Finally, given that our proposed order specifically requires the one lawyer attending the depositions in person to abide by COVID restrictions, it makes sense for clarity to also mention that they must abide by all non-COVID security rules and protocols as well. This is not about whether I believe lawyers from Ms. Agnew's firm will follow the rules, but about the need to be clear and avoid ambiguity for facility staff who will review and implement the Court's order.

The pandemic requires that we all adjust to a "new normal," changing and restricting our customary way of conducting business. Ms. Agnew's firm is no exception. Accordingly, we respectfully request that the Court approve the proposed orders attached as Exhibit A to my letter motion, limiting the number of attorneys from Ms. Agnew's firm who may attend the Plaintiffs' depositions in person to one and clarifying that the person who attends should abide by all security rules and protocols, not just COVID-related restrictions.

Respectfully,

/s/ Andrew S. Amer
Andrew S. Amer
Special Litigation Counsel
(212) 416-6127

cc: Plaintiffs' Counsel (via ECF)

Defendants' position is entirely reasonable given the extraordinary circumstances imposed by an historic pandemic that is killing more people each day than were killed at Pearl Harbor or on 9/11. Among those most vulnerable to this pandemic are people housed in closed environments, including nursing homes and prisons. Therefore, it is incumbent on all of us to change how we normally conduct ourselves to do what we can to promote the public's health. Limiting the number of in-person participants at a deposition is one of those reasonable measures that allows for sufficient representation of clients and for minimizing the exposure to prison inmates and staff. Plaintiffs' counsel's position, therefore, is not reasonable as it fails to account for the imperative to protect public health. Broad claims about how public health measures interfere with the client relationship are overstatements, as are claims that some current practices have never been done before, because once-in-a-century events like pandemics require all of us to do things we have never done before. Therefore, the Court will sign Defendants' proposed order.

So Ordered.

/s/ K. Karas
12/14/20

28 LIBERTY STREET, NEW YORK, NEW YORK 10005 ● TEL.: (212) 416-6127 ● FAX: (212) 416-6075 (NOT FOR SERVICE OF PAPERS)
WWW.AG.NY.GOV