## LAW OFFICE OF AMY JANE AGNEW, P.C.

Honorable Kenneth M. Karas
United States Courthouse
300 Quarropas Street
White Plains, NY 10601-4150

**MEMO ENDORSED**

April 18, 2021

**VIA ECF**

Re: *Knight, et al. v. Lee, et al., 18-cv-7172*

Dear Judge Karas:

Plaintiffs write to respectfully request a motion to reopen documentary discovery for a very limited purpose pursuant to Fed. R. Civil P. 16(b)(4) and allow the Defendants to depose two witnesses after responding to the limited discovery requests. Under the current scheduling order, documentary discovery ended on March 26, 2021, while fact depositions are scheduled to end April 30, 2021 and expert reports are to be exchanged May 15, 2021. (Dkt. No. 196.)[1] Dispositive pre-motion letters are due June 1, 2021 and a trial date has not been set. Each party has previously requested one extension of discovery. (Dkt. Nos. 186, 195.)

On April 14, 2021 Plaintiffs' counsel spoke with a Nurse Practitioner, Jeanne Vacca, who formerly worked as a nurse at Shawangunk. On April 15, 2021 Plaintiffs' counsel spoke with a second former employee nurse, Lisa Lazier. Both treated at least two of the plaintiffs and will be testifying on behalf of Plaintiffs in this suit. If credited by the finder of fact, the testimony of both nurses challenges any notion that Dr. Lee did not know of the risk to patients of reusing catheters. Nurse Vacca recalls one instance in which she warned Defendant Lee that Plaintiff Knight could die from an infection and Defendant Lee retorted in sum, "then he will die quickly," and laughed. Nurse Lazier wrote a letter to Dr. Lee at one point because patients were not being individually assessed for catheter sizing and she was concerned about the reuse of catheters. Both nurses will testify that patients were not properly supplied and that the inadequate supplies deviated from the standard of care in their experience. Both witnesses revealed that they were "written up" while working at Shawangunk Correctional Facility for sneaking catheters to patients so patients could avoid reusing catheters. This testimony directly refutes Defendant Lee's contentions that he knew of no potential harm to patients in re-using catheters and that, in fact, reuse was the standard of care.

Plaintiffs' counsel is working diligently with Defendants' counsel to schedule depositions for both witnesses but would like to request some very limited documents the nurses brought to the attention of Plaintiffs, including 1) the "write ups" for sneaking catheters to patients, 2) lists which were used to pack catheter supply bags, 3) the letter Ms. Lazier penned to Dr. Lee. and 4) each nurse's personnel file. Ideally, Plaintiffs would like these documents before the depositions.

---

[1] To be clear the current order did not delineate an end date for documentary discovery, however, all deadlines were extended by sixty (60) days.

*New York Office*     (973) 600-1724     aj@ajagnew.com     *New Jersey Office*
24 Fifth Avenue, Suite 1701                                                          36 Page Hill Road
New York, NY 10011                                                                     Far Hills, NJ 07931

Defendants have communicated that they oppose the motion to reopen even for the very limited purpose of gaining the documents.

After a scheduling order is issued pursuant to Rule 16(b), the court ordered schedule shall not be modified except on a showing of "good cause and with the Judge's consent." Fed. R. Civ. P. 16(b)(4); see also Local Rule 16.2. The Second Circuit has established that "[a] finding of good cause depends on the diligence of the moving party." *Kassner v. 2nd Ave. Delicatessen, Inc.*, 496 F. 3d 229, 244 (2d Cir. 2007)(explaining that diligence is the primary but not only consideration); *see also, Grochowski v. Phoenix Constr.,* 318 F. 3d 80, 86 (2d Cir. 2003)(collecting cases). In considering whether a party has been diligent in seeking the requested discovery, courts consider what "the party knew, or should have known," in advance of the deadline sought to be extended. *See Sokol Holdings, Inc. v. BMB Munai, Inc.,* No. 05-cv-3749 (KMW)(DF), 2009 U.S. Dist. LEXIS 72659, 2009 WL 2524611, at *8 (S.D.N.Y. Aug. 14, 2009). Here, Plaintiffs have been extremely diligent about discovery. Plaintiffs have amended their Rule 26 Disclosures six times, including each and every time new witnesses became known to them. (Agnew Decl. Ex. 6.) Plaintiffs have also served five requests for documents, seven supplemental productions and will have taken five depositions and defended three by the end of the discovery. As Defendants must concede, the names of both new witnesses are not readily apparent on the faces of the thousands of pages of hand-written medical records exchanged in discovery. (Agnew Decl. Ex. 1; ¶¶ 3-4.) In fact, Plaintiffs recently deposed Nurse Laura Greener who also tended to the Plaintiffs but whose identity was easy to determine due to the clarity of her handwriting. (Agnew Decl. Ex. 2; ¶¶ 5-6.)

As soon as this office identified Nurse Vacca as a potential witness, we mailed her a letter on April 12, 2021. (Agnew Decl. Ex. 3.) On April 14, 2021 when Plaintiffs' counsel finally made contact with Nurse Vacca, counsel immediately sent an email to Defendants' counsel describing the potential testimony, the identity of Nurse Lazier and the fact that disclosures would be updated the next day. (Agnew Decl. ¶¶ 7-9, Ex. 4.) After speaking with Nurse Lazier the following day, Plaintiffs' counsel updated the disclosures and served same on Defendants' counsel via email, along with a request to reopen paper discovery in very limited scope. (Agnew Decl. Ex. 5; ¶ 10.) Defendants' counsel immediately suggested they wanted to depose both witnesses which is perfectly acceptable but stated they will oppose any motion for limited documentary discovery. any more documentary discovery. Plaintiffs were extremely diligent in disclosing both nurses' potential testimony and the desire for related discovery.

Rather than merely rely on a diligence inquiry, other courts in this circuit have undertaken a fact-intensive analysis and consider several factors in determining whether or not to reopen discovery, including:

> (1) [W]hether trial is imminent, (2) whether the request is opposed, (3) whether the non-moving party would be prejudiced, (4) whether the moving party was diligent in obtaining discovery within the guidelines established by the court, (5) the foreseeability of the need for additional discovery in light of the time allowed for discovery by the district court, and (6) the likelihood that the discovery will lead to relevant evidence.

*Bakalar v. Vavra*, 851 F. Supp. 2d 489, 493 (S.D.N.Y. 2011)(declining to hear additional discovery on remand); *see also Moroughan v. Cty of Suffolk*, 320 F. Supp. 3d 511,

New York Office
24 Fifth Avenue, Suite 1701
New York, NY 10011

(973) 600-1724

aj@ajagnew.com

New Jersey Office
36 Page Hill Road
Far Hills, NJ 07931

526 (permitting reopening of discovery after applying six-factor test); *see generally Rubik's Brand Ltd. v. Flambeau, Inc.*, No. 17-cv-6559 (PGG) (KHP), 329 F.R.D. 55, 2019 U.S. Dist. LEXIS 6672, 2019 WL 257884 (S.D.N.Y. Jan. 14, 2019) (extending deadline to serve expert reports).

    Plaintiffs respectfully argue that under the six-factor test, the Court should grant the very limited discovery requested. Trial in this case is not imminent and discovery has not even ended, merely documentary discovery. Defendants have indicated that they are opposing this motion, though they did not share their grounds for such opposition.

    Plaintiffs argue there is no prejudice as there would be no increased costs in litigation just the production of limited documents that should all be maintained at Shawangunk Correctional Facility. Ascertaining prejudice should be a fact sensitive analysis based on the case. *See Krawec v. Kiewit Constructors, Inc.*, No. 11-cv-0123 (LAP), 2013 U.S. Dist. LEXIS 37132, 2013 WL 1104414 at *7 (S.D.N.Y. Mar. 1, 2013). Here, there is no risk that experts would not receive the relevant documents in time to complete their reports, that dispositive motions will have to be redrafted or that Defendants would miss their opportunity to depose the witnesses. Plaintiffs are happy to pay the cost of the photocopies of the personnel files, "write-ups," supply lists and the letter from Lazier to Defendant Lee. While delay is a legitimate concern, in the absence of a trial date, the concern does not rise to the level of prejudice. *See, e.g. Pharm., Inc. v. Am. Pharm. Partners, Inc.*, 05-cv-0776, 2008 U.S. Dist. LEXIS 73293, 2008 WL 4415263, at *4 (Sept. 24, 2008).

    As to diligence and foreseeability, Plaintiffs did not sit on these witnesses, they simply could not decipher their handwriting. It took a great deal of work to cross-reference scribbles with public payroll records after noting repeat entries. (Agnew Decl. ¶¶ 2-4.) Plaintiffs have identified and noticed (and/or deposed) other nurses who treated plaintiffs repeatedly whose handwriting was easily identifiable. (Agnew Decl. ¶ 5.) Identification of Nurse Vacca was serendipitous, but not delayed due to a lack of diligence.

    Finally, there is no question the requested documentary evidence will be relevant. Evidence is relevant if it has any tendency to make a fact of consequence more of less probable. F.R.E. 401. If the testimony of both nurses is credited by the finder of fact and the contents of Nurse Lazier's letter is as she describes, there is no question a credibility trial will be required. The possibility that nurses were directly confronting Dr. Lee over the risks to patients engendered by re-using catheters, and/or that nurses were being "written up" for attempting to get more catheters to patients is undoubtedly relevant.

    Plaintiffs respectfully request that the Court allow them to serve their very limited requests (Agnew Decl. Ex. 7) and that the deposition of Nurses Lazier and Vacca occur within days of production of responses. Plaintiffs suggest all other deadlines remain.

Very truly yours,

/s/ *Amy Jane Agnew*

Amy Jane Agnew, Esq.

Defense is to respond to this letter by 4/22/21.

So Ordered.
[signature]
4/19/21

New York Office
24 Fifth Avenue, Suite 1701
New York, NY 10011

(973) 600-1724   aj@ajagnew.com

New Jersey Office
36 Page Hill Road
Far Hills, NJ 07931