**MEMO ENDORSED**

## LAW OFFICE OF AMY JANE AGNEW, P.C.

Honorable Kenneth M. Karas
United States Courthouse
300 Quarropas Street
White Plains, NY 10601-4150

April 26, 2021

**VIA ECF**

Re: *Knight, et al. v. Lee, et al., 18-cv-7172*
*Reply – Motion to Reopen for Limited Purpose*

Dear Judge Karas:

Plaintiffs write in reply to their motion to re-open discovery for very limited purpose. (Dkt. No. 198-199.) Defendants have opposed the motion arguing that Plaintiffs have not been diligent in pursuit of their case. (Dkt. No. 201.) In support, Defendants' counsel offers the Court Plaintiffs' initial Rule 26 disclosures, as well as the fact that Plaintiffs' counsel chose to not bother several witnesses with depositions who will ultimately have to appear for trial. Defendants have offered no case law in support of the proposition that a voluminous initial disclosure for an intended class action case or strategic decisions about deposition testimony mandate a finding of lack of diligence by a court.

Defendants mislead the Court by suggesting Plaintiffs' initial disclosures were a "haphazard and indiscriminate collection of names intended to bury the providers who actually treated Plaintiffs." (Dkt. No. 201 at 2.) That is utter nonsense. This case was filed as a class action, intended to cover patients over all DOCCS' facilities. This office was working with an initial list of 23 putative class members for whom we already had medical records. Mr. Amer is well aware that the intention was to cover class action witnesses. When he suggested that Plaintiff's counsel was trying to hide the ball, I immediately explained that it was tendered for class purposes, but that I would highlight and bold all witnesses who might be relevant to the named Plaintiffs. (Exhibits 1 and 2.) Mr. Amer thanked me for my effort and added, "We will reassess where things stand based on what happens with class certification." (Exhibit 1.) When Plaintiffs determined not to pursue this case as a class action, we removed all witnesses not directly implicated in the named Plaintiffs' claims. Our initial disclosures were a result of extreme diligence, not a lack of diligence.

Defendants also suggest that we displayed a lack of diligence in failing to depose Nurses Childress and Scofield after subpoenaing them -- suggesting they could have supplied us with the names of the dozens of nurses who treated Plaintiffs. (Dkt. No. 201 at 2-3.) Mr. Amer overestimates the desire of a current DOCCS employee to freely offer information to opposing counsel in a deposition. We have learned that the only medical personnel who will be forthcoming are former employees or those very close to retirement. As in all industries, people are afraid of

losing their jobs. (Exhibit 3 (Deposition excerpt of Dr. John Bendheim ("Well, I've seen the officers beat up inmates. I've seen them smash a guy's face into the corner of a concrete brick wall because he punched an officer, and I didn't do anything about it because I knew they were probably going to slash my tires or I was going to get fired so I kept my mouth shut.").) Our office is mindful of this sad reality and tries to act accordingly. We also learned from another witness already disclosed the sum of the nurses' intended testimony. There was no reason to depose them and run up costs.

Mr. Amer also suggests we should have asked questions of Nurse Greener at her April 7, 2021 deposition. Had Mr. Amer attended the deposition (or read the documents) he might have noted that Nurse Greener worked a very short stint at Shawangunk (a few months in 2019) before transferring to NYS Office of Mental Health. In fact, she got to know Plaintiff Hugh Knight by treating him at Sullivan Correctional Facility and started treating Plaintiff Wayne Stewart at Downstate Correctional Facility. Mr. Amer's argument also belies rationale. Had Nurse Greener divulged the names of Vacca and Lazier on April 7, 2021, Plaintiffs still would have missed the March 26, 2021 paper deadline and this application would still, no doubt, be necessary. In fact, Plaintiffs served Nurse Greener in late February, but Defendants were only able to schedule a deposition in early April – after the paper discovery deadline. (Exhibit 4.)

Plaintiffs have hired two experts, taken several strategic depositions and, unfortunately, had to recall Defendant Lee after procuring a very expensive translator to start the deposition over. Plaintiffs are entitled to make strategic decisions about their case without having those decisions recast as a lack of diligence. Plaintiffs have produced thousands of pages of medical records to establish that Plaintiffs were never asked to reuse catheters other than in the custody of DOCCS and we have diligently created work product timelines of thousands of pages of medical records to put the events and medical diagnoses in context. (Exhibit 5.) We are confident our efforts will redound to our benefit at trial. We have also produced the medical records of other patients of Dr. Lee and established that they were treated the exact same way – with no individualized assessments of need and utter disregard for their requests for more catheters.

We subpoenaed and chose not to depose Doctors White, Howe, Stellato and Chang-Kit because we were able to speak with them all and are confident of the contents of their testimony. Defendants' counsel has their contact information and can do the same. There is no reason to bother a bunch of very busy doctors with two appearances – especially when summary judgment is highly unlikely. These are strategic decisions, not ones that exhibit a lack of diligence.

As to Mr. Amer's concern that Plaintiff's request will open the floodgates to more paper discovery, that is not a concern. We have learned that the CO who worked in the infirmary has passed away. While we may locate another former nurse, we will commit to requesting no additional paper discovery from Defendants. The nurses have indicated that the universe of documents regarding catheter ordering and supplying is now know to us.

Defendants' counsel further suggests that Nurses Vacca and Lazier might not provide authorizations for their personnel files. (Dkt. No. 201 at 3.) Mr. Amer is well aware this office

represents Nurses Vacca and Lazier for purposes of their depositions. (Exhibit 6.) If Mr. Amer needs releases, we will get them to him promptly. Why Defendants would need to "redact" the nurses' own identifying information from their personnel files is unknown to us; Plaintiffs' counsel may not produce the personal information of present or former DOCCS' employees to incarcerated plaintiffs, nor would we do so. Both nurses have been advised that the files (including the write-ups for not following Dr. Lee's orders and the letter challenging his choice to make patients re-use catheters) would be open for public consumption.

It is also worth noting that that the entire personnel files do have probative value. Not only will they establish the fitness, professionalism and exceptional evaluations of both nurses over their tenures with DOCCS, but the records will clearly show the history of their training and commitment to their patients. The "write ups" were for deviating from Dr. Lee's orders when the best interests of patients demanded it. The notion that Defendants should the personnel files for impeachment purposes, but the witnesses cannot have access for themselves smacks of rough justice.

In sum, denials based on lack of diligence are generally for egregious lapses in seeking modification of the discovery schedule. *Forte v. City of New York*, 16-cv-560, 2021 U.S. Dist. LEXIS 43836, *9 (March 8, 2021)(denying request because Defendants "opted to scout for and retain an expert witness to produce a report without Plaintiff's knowledge, and only ask for license to do so after the fact"); *Saray Dokum Ve Madeni Aksam Sanayi Turizm A.S. V. MTS Logistics, Inc.*, 335 F.R.D. 50, 52 (S.D.N.Y 2020)(denying motion to reopen to depose witness as plaintiff did not act diligently to schedule it): *Fetisov v. Ay Builders, Inc.*, 10-cv-3683, 2011 U.S. Dist. LEXIS 136020, *5 (E.D.N.Y. Nov. 28, 2011)(denying addition of new witness because Defendants would be prejudiced if the Court permitted plaintiffs to conduct the deposition of a party long known to them but whose role as a potential witness was withheld). Plaintiffs have not committed such a lapse. Plaintiffs very promptly let Defendants know the identity of the witnesses, very promptly alerted them to potential related discovery and willingly agreed to schedule depositions to smite any potential prejudice to Defendants.[1] Defendants do not even provide authority for extending the timeline for depositions of newly identified witnesses, while denying paper discovery related to the very same depositions.

Plaintiffs respectfully request that the Court allow the very limited discovery related to the depositions of Nurses Vacca and Lazier and allow Defendants to take those depositions after the deadline set by the Court. All other deadlines should not be affected.

Very truly yours,
/s/ *Amy Jane Agnew*
Amy Jane Agnew, Esq.

Application to all the limited discovery discussed herein is granted. Plaintiffs' counsel has been diligent and strategic in discovery thus far and Defendants will not be unduly prejudiced from the application. Plaintiff is given 30 days to complete this discovery.

So Ordered.   4/27/21

---

[1] Any suggestion that Plaintiffs' counsel is being difficult about scheduling is woefully unfair. I happen to have a very busy few weeks due to a trial in New Jersey state court and some other depositions (hence, the after 5pm submission). Plaintiffs have never been anything but gracious in scheduling. We are all very busy and do our best.

*New York Office*
24 Fifth Avenue, Suite 1701
New York, NY 10011

(973) 600-1724   aj@ajagnew.com

*New Jersey Office*
36 Page Hill Road
Far Hills, NJ 07931