UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| HUGH KNIGHT, WAYNE STEWART, and SHANNON DICKINSON, *on behalf of themselves and all others similarly situated.*,<br><br>Plaintiffs,<br><br>-v-<br><br>NEW YORK STATE DEPARTMENT OF CORRECTIONS, *et al.*,<br><br>Defendants. | Case No. 18-CV-7172 (KMK)<br><br>ORDER |

KENNETH M. KARAS, District Judge:

Defendants' Application to reduce the fee of Dr. Ray Sultan, (Dkt. No. 219), is granted. As Defendants correctly note, "[i]n general, it is not reasonable to request a flat fee for deposition testimony regardless of the number of hours actually spent." *Marin v. United States*, No. 06-CV-552, 2008 WL 5351935, at *1 (S.D.N.Y. Dec. 22, 2008); *see also Nnodimele v. City of New York*, No. 13-CV-3461, 2015 WL 4461008, at *2 (E.D.N.Y. July 21, 2015) (gathering authority for the proposition that "[f]lat fees for experts are generally considered to be unreasonable"); *Carafino v. Forester*, No. 03-CV-6258, 2005 WL 1020892, at *1 (S.D.N.Y. Apr. 29, 2005) (holding that an expert psychiatrist's $2,500 flat fee for a half-day deposition was unreasonable); *Mannarino v. United States*, 218 F.R.D. 372, 375 (E.D.N.Y. 2003) (explaining that, "[b]y its nature, a flat fee runs counter to th[e] principle" that there be "some reasonable relationship between the services rendered and the remuneration to which an expert is entitled" (citation omitted)).

Plaintiffs' attempt to distinguish this authority, (*see* Dkt. No. 221), is unpersuasive. Although a $7,500 flat fee for a 90-minute deposition, *see Ey v. Sam's E., Inc.*, No. 17-CV-551, 2020 WL 2415560, at *1 (S.D.N.Y. May 12, 2020), or a $5,000 flat fee for four hours of deposition testimony, *see Heiser v. Collorafi*, No. 14-CV-464, 2016 WL 1559592, at *2 (N.D.N.Y. Apr. 18, 2016), represents a more extreme demand than Dr. Sultan's requested flat fee of $4,000 for a five-hour deposition, (*see* Dkt. No. 219-1), courts' skepticism toward flat-fee arrangements is not limited to "extreme situations and demands," as Plaintiffs' counsel suggests, (Dkt. No. 221). Although Plaintiffs' counsel cites *Nnodimele* as an example of a case involving such "extreme situations and demands," that case, among others, actually undermines Plaintiffs' proposed distinction. In *Nnodimele*, the expert requested a flat rate of $2,500 for his participation in a day-long deposition, which included eight hours of testimony, two hours of meeting with counsel, and two hours of travel time, *see* 2015 WL 4461008, at *2, which boiled down to an hourly rate of $208/hour. Reiterating the principle that flat rates are disfavored, the court declined to award the flat rate and instead granted an hourly rate of $200/hour. *Id.* at *3. As the court observed, "the fact that the agreed-upon hourly rate multiplied by the number of hours actually incurred in this instance happens to approximate the requested flat-rate fee does not render the use of a flat fee more reasonable." *Id.*; *see also Mannarino*, 218 F.R.D. at 375 ("That the bottom line of the expert's bill approximates the amount sought here is purely coincidental, and does not make the expert's flat fee any more reasonable." (brackets omitted)). *Nnodimele* belies Plaintiffs' argument that flat rates are only prohibited in rare circumstances where experts have requested unreasonably high rates.

In any event, even if the court were to assess the reasonableness of Dr. Sultan's flat fee by converting it to an hourly rate, his rate would be $800/hour (as Defendants contend), not

$500/hour (as Plaintiffs suggest). (*See* Dkt. No. 221 (arguing that "Defendants offer no authority for the proposition that a rate of $500.00 for an expert urologist's time at a deposition is unreasonable").) A flat fee of $4,000, divided by five hours of deposition testimony, yields an hourly rate of $800. (*See* Dkt. No. 219-1.) As Defendants correctly point out, (Dkt. No. 219), that rate is well in excess of Dr. Sultan's $350 hourly rate for deposition preparation.

Accordingly, the Court will grant Dr. Sultan an hourly rate of $350/hour for his five hours of deposition testimony, "which is the only hourly rate that appears" in his invoice, *cf. Heiser*, 2016 WL 1559592, at *3.

SO ORDERED.

Dated: August 12, 2021
       White Plains, New York

                                        KENNETH M. KARAS
                                        United States District Judge